915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re G. Anthony MONTANTE, Petitioner.
 No. 90-1854.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and WISEMAN, Chief District Judge.*
 
 ORDER
 
 2
 The plaintiff has filed a "Motion to Require Compliance with Mandate of This Court's Order of March 5, 1990". In that motion he asks that the district court's order of dismissal be reversed and the court be directed to conduct an evidentiary hearing and make findings of fact and conclusions of law. The plaintiff's motion is construed as a petition for a writ of mandamus. Plaintiff's motion has been docketed as an original proceeding for mandamus. (Case No. 90-1854). In response, the district court has filed a copy of its docket sheet. Further, the defendants have filed a response to the initial motion, and subsequently a motion to permit acceptance of those documents as a response to the writ of mandamus. The plaintiff has also perfected an appeal from the district court's order. (Case No. 90-2002).
 
 
 3
 The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. Will v. Calvert Fire Insurance Co., 437 U.S. 655, 661-62 (1978); Kerr v. United States District Court, 426 U.S. 394, 402-03 (1976).
 
 
 4
 The only reason given by the plaintiff in filing his request for extraordinary relief is so he may "avoid the expense, delay, and inanity of repeated appeals." However, mandamus may not serve as a substitute for appeal. United States v. Davis, 873 F.2d 900, 910 (6th Cir.), cert. denied, 110 S.Ct. 292 (1989). Accordingly, the plaintiff's request shall be denied. This order should not be construed as an expression of any opinion on the merits of the plaintiff's appeal pending at 90-2002.
 
 
 5
 It is therefore ORDERED that the plaintiff's motion, construed as a petition for a writ of mandamus, is denied.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief District Judge for the Middle District of Tennessee, sitting by designation